IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KIARA SMITH,
ADC # 107225                                                                              PLAINTIFF

v.                                   5:07CV00086WRW/HDY

LARRY NORRIS, et al.                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff, an inmate incarcerated in the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants, alleging an Eighth Amendment violation concerning the lack of proper mental health treatment for a sexual addiction disorder. By Order dated July 12, 2007, this Court granted plaintiff's motion to voluntarily dismiss his complaint, with leave to file a motion to re-open, together with a proposed amended complaint, within one year of the date of the Order (DE #59).  By Order dated August 1, 2007, the Court granted plaintiff's motion to re-open the case with respect to his allegations against defendants Broughton and Mehta, and by Order dated August 17, 2007, denied his motion to re-open with respect to the remaining original defendants (DE ##66, 79). Specifically, plaintiff alleges he suffers from a sexual addiction which causes him to expose himself and masturbate continuously, and defendants failed to appropriately treat his disorder.  Plaintiff asks for damages and "appropriate

equitable relief."

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on January 7, 2008, to determine whether this case should proceed to a jury trial before United States District Judge William R. Wilson, Jr.  Pursuant to the standard set forth in <u>Johnson v. Bi-State Justice Center</u>, 12 F.3d 133 (8th Cir. 1993), the Court has considered plaintiff's testimony during the January 7, 2008 hearing to be true, drawn all appropriate inferences in plaintiff's favor, and refrained from making any credibility determinations. <u>Id</u>. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. <u>Id</u>., <u>quoting</u> <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 251-2 (1986).   Based upon the evidence introduced at the Evidentiary Hearing, the Undersigned makes the following Proposed Findings and Recommendation.

<u>II.  Factual Findings</u>

1. Plaintiff is currently incarcerated at the Maximum Security Unit of the ADC.  He alleges his problems with defendants began upon his intake examination at the Diagnostic Unit in September, 2006, where he was examined by defendant Broughton, a psychiatrist who told him he did not have a sexual addiction problem.   He was diagnosed at that time with an adjustment disorder with depression, malingering, and an antisocial personality disorder. (Plaintiff's Ex. 1).

2.  Plaintiff testified he was then transferred to the Varner Unit, where he explained his problem to the Classification Committee, which took no action.  He was examined by the Mental Health Unit and was later placed in administrative segregation as a result of disciplinary violations

he received for indecent exposure.

3. Plaintiff further testified defendant Mehta prescribed him Paxil, which resulted in side effects of suicidal ideation and skin problems, and after he filed a grievance about the medication, he was removed from it. Another non-party physician who examined plaintiff at his present Unit (Dr. Engstrom), told plaintiff there was nothing wrong with him. Plaintiff also applied to the ADC RSVP (Reduction of Sexual Victimization Program) program, but was denied because he was not incarcerated for committing a sexual crime. (Plaintiff's Ex. 2).

4. Plaintiff admitted he was diagnosed as malingering and was told he did not suffer from a sexual addiction. He admitted he was diagnosed at the Varner Unit by defendant Mehta with obsessive/compulsive disorder, and that he was evaluated by numerous mental health employees. He also admitted he asked defendant Mehta for medications, which were prescribed. Plaintiff further stated he recalled admitting that certain medications helped him, or that he discontinued taking his medications. Although plaintiff stated he was diagnosed with a sexual addiction, and produced exhibits ostensibly in support of his statement, such exhibits did not verify that diagnosis.

5. Prior to his incarceration at the ADC, plaintiff stated he sought mental-health treatment in the free-world and was diagnosed with an anti-social disorder.

6. According to plaintiff's exhibits, he was evaluated or examined on September 13, 2006, by defendant Broughton, as noted above. No psychiatric medications were prescribed at that time. In addition, according to a May 7, 2007 examination by defendant Mehta, plaintiff appeared well-adjusted and exhibited no symptoms of mental health distress. He also stated at that time that the medications prescribed were helpful to him. (Plaintiff's Ex. 4). However, on May 24, 2007, plaintiff was again examined by defendant Mehta and asked that the medications which had been

prescribed for him be discontinued.  Pursuant to defendant Mehta's notes following that examination, plaintiff was diagnosed in the free-world with alcohol and marijuana dependence, an antisocial personality, and malingering, and Mehta's primary diagnosis of plaintiff was the same. Mehta further reported plaintiff was examined over the years by three-to-four mental health physicians who did not prescribe him medications, and that after plaintiff's history was reviewed by the mental health team at the ADC, it was decided it was in plaintiff's best interests not to offer him psychiatric medications, because he either did not take them as prescribed, or shared them with other inmates.  (Plaintiff's Ex. 4).

### III.  Conclusions of Law

1.  Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to adequately treat his mental health sexual disorder.  In order to support that claim,  plaintiff must demonstrate  that defendants were deliberately indifferent; that is, that the defendants knew of, and yet disregarded, an excessive risk of harm to his health and safety.  Farmer v. Brennan, 114 S.Ct. 1970 (1994).

2.  Plaintiff's allegations against defendants are not supported by the evidence. The exhibits provided to the Court by the plaintiff show that plaintiff has been continuously treated by mental health physicians and counselors since his 2006 arrival at the ADC, and that his complaints have not been ignored.  In addition, plaintiff did not establish that he was ever diagnosed with a sexual addiction, either in the free-world, or within the confines of the ADC.   Plaintiff's allegations against defendants do not evidence deliberate indifference, but rather, a disagreement over the course of treatment, which also does not support an Eighth Amendment claim.  See Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam), and Smith v. Marcantonio, 910 F.2d 500, 502 (8th

Cir. 1990).

3. In conclusion, there is simply no evidence in the record to support the claim that any of the defendants behaved in a way which could be construed to be deliberate indifference to plaintiff's medical or mental health needs.   There is no need to submit factual issues to a jury when the evidence proffered permits but one reasonable conclusion as to a verdict.  <u>Anderson v. Liberty Lobby</u>, <u>supra</u>, 477 U.S. at 252.

4.  Since there are no genuine issues of material fact to submit to a jury, the defendants are entitled to judgment as a matter of law dismissing this complaint.  Accordingly,

IT IS, THEREFORE, RECOMMENDED that the plaintiff's complaint be dismissed with prejudice, without further hearing.

IT IS SO RECOMMENDED this __8__ day of January, 2008.

_____
United States Magistrate Judge